THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 13, 1971

Honorable David P. Bell
Executive Director
Texas Industrial Accident Board
State Insurance Building
Austin, Texas 78701

Opinion No. M-929

Re: The liability of a county
to its employees for in-
juries under the provisions
of Article 8309c, Vernon's
Civil Statutes, as amended
by the 62nd Legislature,
R.S., 1971, in S.B. No. 364.

Dear Mr. Bell:

By reason of the enactment of Senate Bill No. 364 by the 62nd Legislature, Regular Session, 1971, (amending Art. 8309c, Vernon's Civil Statutes), you have requested our opinion concerning the following question:

"If counties do not carry workmen's compensation, either through a private insurance company or by being self-insured, do they lose their common law defenses of contributory negligence, fellow servant doctrine and assumed risk?"

Senate Bill No. 364 provides, in part, as follows:

"Section 3. The county is hereby authorized to either be self-insuring or that it purchase workmen's compensation insurance for its employees from any company authorized to do business in Texas, and is charged with the administration of this Act. It is expressly understood that the provision authorizing counties to provide such compensation or insurance is permissive and not mandatory; provided, however, that

in any county of this State, the Commissioners Court on
its own motion may call an election for the purpose of
determining whether the county shall adopt the
provisions of this Act.  If a majority of the
qualified voters at such an election votes for the
adoption of the provisions of this Act, the provisions
of this Act shall thereafter be applicable to such
county, and in such event it shall be mandatory that
such county be either self-insuring or that it pur-
chase workmen's compensation insurance for its em-
ployees from any company authorized to do business
in Texas, and is charged with the administration of
this Act; provided, however, that if such county
fails to provide either self-insurance or insurance
under a policy of insurance, the county shall be
subject to Sections 1 and 4 of Article 8306, Revised
Civil Statutes of Texas, 1925, as amended or as they
may hereafter be amended."

Section 1 of Article 8306 referred to in the above quota-
tion provides that the common law defenses referred to in your
question are not defenses in a suit by an employee against an
employer who comes within the terms of the Workmen's Compensa-
tion Act.  Counties are not now within the coverage of the
Workmen's Compensation laws unless they have heretofore vol-
untarily adopted the enabling statutes enacted by the Legislature
concerning workmen's compensation benefits for counties.

Since the authority under Senate Bill No. 364 to provide
county employees with workmen's compensation insurance is per-
missive, a county will not lose its common law defenses if the
amended law is not adopted by the county.  However, under the
express provisions of the amended statute, if the qualified
voters adopt the provisions of the Act pursuant to an election
called by the Commissioners Court, it becomes mandatory for the
county to be either self-insuring or to purchase workmen's
compensation insurance; and after such election, if the county
fails to provide either self insurance or insurance from an
insurance company, such county will be subject to the provisions
of Sections 1 and 4 of Article 8306, Revised Civil Statutes of
Texas, and therefore will lose its common law defenses of
contributory negligence, fellow servant doctrine and assumed risk.

## S U M M A R Y

If at an election a county adopts the provisions of S.B. No. 364, 62nd Leg., R.S. 1971, it is mandatory that the county be either self-insuring or that it purchase workmen's compensation insurance, and if it fails to do either, it will lose its common law defenses of contributory negligence, fellow servant doctrine and assumed risk.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Banks
Robert Lemens
Ivan Williams
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
First Assistant

NOLA WHITE
First Assistant